United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10506
Summary Calendar

MURIEL ANN MATNEY,

　　　　Plaintiff-Appellant,

v.

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

　　　　Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:02-CV-2278-L

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

　　　　Muriel Ann Matney, appearing *pro se*, seeks long-term disability benefits under a plan

governed by the Employee Retirement Income Security Act of 1974.[1] She appeals the district court's

summary judgment dismissing her ERISA section 502(a)(1)(B)[2] claim against Hartford Life Insurance

Company, the plan's insurer and administrator, claiming that Hartford abused its discretion in

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]29 U.S.C. §§ 1001-1144.

[2]*Id.* § 1132(a)(1)(B).

terminating her benefits. We AFFIRM the district court's summary judgment.

We review a district court's summary judgment *de novo*, applying the same standard as the district court.[3] As Matney concedes, we review Hartford's decision to deny disability benefits under an abuse-of-discretion standard because the insurance plan gives Hartford discretionary authority to determine eligibility for benefits and to construe the plan's terms.[4] "When applying the abuse of discretion standard, 'we analyze whether the plan administrator acted arbitrarily or capriciously,'"[5] and "we [will] affirm an administrator's decision if it is supported by substantial evidence."[6] A decision is arbitrary if there is no rational connection between the known or found facts and the evidence in the record.[7] "An administrator's decision to deny benefits must be 'based on evidence, even if disputable, that clearly supports the basis for its denial.'"[8] This standard of review applies to an initial denial of benefits as well as termination of benefits after an initial determination of eligibility.[9]

A potential conflict of interest is also a factor in the abuse-of-discretion inquiry, and under

---

[3]*Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999).

[4]*Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992).

[5]*Lain v. UNUM Life Ins. Co. of Am.*, 279 F.3d 337, 342 (5th Cir. 2002) (quoting *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994) (alteration omitted)); *see also Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir.) ("If the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail."), *cert. denied*, 125 S. Ct. 2941 (2005).

[6]*Meditrust*, 168 F.3d at 215.

[7]*Id.*

[8]*Lain*, 279 F.3d at 342 (quoting *Vega v. Nat'l Life Ins. Servs., Inc.* 188 F.3d 287, 299 (5th Cir. 1999)).

[9]*Ellis*, 394 F.3d at 274.

*Vega v. National Life Insurance Services, Inc.*, evidence of such a conflict would require us to apply a "sliding scale" with respect to the level of deference afforded to the administrator's decision, based on the degree of conflict.[10] Here, there is no evidence of a conflict other than Hartford's position as both the insurer and the administrator. Consequently, to the extent such a conflict affects the amount of discretion afforded Hartford's decision,[11] it is "only a modicum less deference" than we would otherwise afford.[12]

Under Matney's long-term disability plan, "Disabled" means "either Totally or Partially Disabled" and includes "any accidental bodily injury, sickness, or pregnancy." Matney does not contend that she meets the plan's definition of "partially disabled," which would require her to show that she is "receiving or entitled to benefits under this Plan while Totally Disabled, but: (1) [she is] able to perform some but not all of the material and substantial duties of [her] or any occupation on either a full-time or part-time basis; and (2) [she is] engaged in a program of Rehabilitative Employment." Therefore, recovery of benefits under Matney's plan requires proof that she is "totally disabled," which under the plan means she is "prevented by Disability from doing any occupation or work for which [she is] or could become qualified by (1) training; (2) education; or (3) work experience." Even when total disability has been established, the plan requires continued proof of disability at Hartford's discretion: "The Hartford may require further written proof that you are still Disabled." The plan provides that disability payments will stop on "the date you fail to furnish proof that you are continuously Disabled." Although Matney received total disability benefits for several

_____

[10]188 F.3d at 297.

[11]*See Ellis*, 394 F.3d at 270 n.18 ("We will not read into *Vega* a presumption that a conflict exists *ipso facto* merely because the plan fiduciary both insures the plan and administers it.").

[12]*Vega*, 188 F.3d at 301 (5th Cir. 1999).

years, Hartford terminated benefits, concluding that Matney could no longer furnish proof of a physical disability that prevents her from "doing any occupation or work."

Like the district court, our review is limited to the administrative record available to Hartford at the time it made the decision to terminate Matney's benefits.[13] Having reviewed the administrative record, which includes the opinions of several doctors who either treated Matney or reviewed her medical records, we conclude that Hartford's decision to terminate total disability benefits is supported by substantial evidence and has a rational connection to the evidence in the record. Therefore, Hartford did not abuse its discretion in finding that Matney does not meet the plan's definition of "totally disabled."

The district court made several other legal determinations that Matney does not contest on appeal even under the most liberal reading of her briefs. To the extent Matney's brief could be construed as challenging the district court's conclusion that Hartford applied a legally correct interpretation of the policy, which is not at all apparent from her brief, she has provided no argument or authorities supporting such a challenge. Therefore, Matney has waived the argument.[14] The district court's judgment is AFFIRMED.

In her reply brief, Matney asks the court to strike Hartford's brief because it uses a record-numbering system that differs from the one used by the district court and to strike portions of the administrative record containing the written reports of two doctors whose opinions she says are not

---

[13]*Id.* at 299.

[14]*See* FED. R. APP. P. 28(a)(9) (requiring appellant's brief to include "the argument, which must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see also L&A Contracting Co. v. S. Concrete Servs. Inc.*, 17 F.3d 106, 113 (5th Cir. 1994) (holding an argument waived for failure to cite authority).

reliable.  Matney's motions to strike are DENIED.

Hartford's motion to strike Matney's brief for failure to comply with FED. R. APP. P. 28(a)(9), which requires briefs to contain the parties' "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies," is DISMISSED AS MOOT.


AFFIRMED; APPELLANT'S MOTIONS TO STRIKE DENIED; APPELLEE'S MOTION TO STRIKE IS DISMISSED AS MOOT.